UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Gemane Nettles,

       Plaintiff,

vs.

Luis Claxton, and
Elizabeth Claxton, and
Casa Del Sabor LLC,

       Defendants.

## **COMPLAINT**

Plaintiff, GEMANE NETTLES (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, LUIS CLAXTON, ELIZABETH CLAXTON, and CASA DEL SABOR LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## **JURISDICTION AND VENUE**

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

## **PARTIES**

**3.** Plaintiff, GEMANE NETTLES , is over the age of 18, *sui juris*, and a resident of

Brooklyn County, New York. Plaintiff suffers from disability, and thereon is bound to utilizing a wheelchair for mobility, and is thus a qualified individual under the ADA.

4.      Defendant, LUIS CLAXTON, is an individual who is authorized to and does transact business in the State of New York and within this judicial district. Defendant, LUIS CLAXTON, is the owner of the Subject Premises located at 446 Wilson Ave, Brooklyn, NY 11221.

5.      Defendant, ELIZABETH CLAXTON, is an individual who is authorized to and does transact business in the State of New York and within this judicial district. Defendant, ELIZABETH CLAXTON a/k/a ELIZABETH SUERO is an owner of the Subject Premises located at 446 Wilson Ave, Brooklyn, NY 11221.

6.      Defendant, CASA DEL SABOR LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district, and is the owner/operator of the restaurant "CASA DEL SABOR" located at the Subject Premises.

7.      CASA DEL SABOR located at 446 Wilson Ave, Brooklyn, NY 11221 offers a comfy setting, warm ambiance, and is perfect for relaxing breakfast and lunches, as well as family oriented dinners. It offers a diverse selection of Dominican and Latin food. The menu features a wide variety of sopa, pork, and empanadas, but more specifically, the Plaintiff avers to their desire to eat the Sopa de Marisco, Cubano Sandwiches, and the Chicharrones. However, despite Plaintiff's appreciation for the restaurant, significant accessibility barriers limit their ability to fully enjoy the dining experience, in violation of the ADA.

**FACTUAL ALLEGATIONS AND CLAIM**

8.      On or about March 2025, and again on or about November 1, 2025, Plaintiff, in

subject property. On each of these occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, to wit; a significant concrete barrier steps that which prevented access to the public accommodation due to impingement between the caster and front rigging of his wheelchair against the entrance's barrier step, this contiguity between the wheelchair and step obstructing any entry. After coming upon the architectural barrier, it was found by Plaintiff to be entirely untraversable, thus preventing Plaintiff from accessing the public services therein.

**9.** Plaintiff has visited the Subject Property which forms the basis of this lawsuit on multiple occasions, and was denied access to the restaurant by discriminatory barriers and a continued policy of deliberate indifference to such barriers that Defendants are fully aware are unlawful under Title III of the ADA. Therefore, Defendants knowingly and wantonly discriminate against Plaintiff and other similarly situated persons in their refusal to remediate (for purposes of nondiscrimination on the basis of disability by public accommodations and in commercial facilities) to the minimum guidelines of the law, which are both feasible and readily achievable.[1]

**10.** Plaintiff lives only a few miles from the Defendants' Facility, and passes by said restaurant no less than twice a month when she is doing errands, visiting family as well as friends throughout the boroughs. Moreover, the Defendants' Facility is in a locale that Plaintiff dines out a couple times per month.

**11.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with

---

[1] These architectural barriers and violations of Title III of the ADA are all outside the normative and allowable specifications and/or numerical measure guidelines clearly and unambiguously defined under the ADAAG 28 C.F.R. Part 36, which the Defendants knew of, or should have known based on an affirmative duty to comply.

Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

12.     Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without architectural obstructions including but not limited to the Milagro, Good Chinese, Vintage Urban Deli, La Chery, and Caffeine Underground amongst several others; and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

13.     CASA DEL SABOR is a restaurant to which Plaintiff seeks equal access to enter, dine, and use the facilities. Plaintiff further avers that upon Defendants' compliance to remove barriers to access, he would visit the Restaurant nearly a dozen or so times a year for breakfast, lunch, and the occasional dinner; considering how appetizing and distinctive such unique dishes are when eating out in a neighborhood he frequents multiple  times a month

14.     More precisely, Plaintiff intends to dine on their Cubano Sandwiches, and particularly piquing Plaintiff's interest is the Sopa de Marisco, and the Chicharrones, all of which are quite unique around this Brooklyn locale. The menu features a variety of indulgent offerings designed for on-site enjoyment, of which the Plaintiff has attempted to eat out at, but was denied due to Defendant's policy of segregation and deliberate indifference to those rights protected under Title III of the ADA.

15.     On or about March 2025, and again on or about November 1, 2025, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his

access to the property and its accommodations and will continue until the barriers are removed.

16.     Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, their ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**COUNT I**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**
**(Against All Defendants)**

17.     Plaintiff restates Paragraphs 1-16 as though fully set forth herein.

18.     Defendants, LUIS CLAXTON, ELIZABETH CLAXTON, and CASA DEL SABOR LLC have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

19.     LUIS CLAXTON and ELIZABETH CLAXTON, as the owner of the Subject Premises, are responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

20.     CASA DEL SABOR LLC , as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

21.     The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the

following:

1. Inaccessible entrance. Multiple steps preceding the entrance door.

2. Accessible route to establishment not provided as required.

3. Accessible means of egress not provided as required.

4. Existing step at entrance acts as a barrier to accessibility.

5. Required ramp not provided for step at entrance.

    ADAAG 206 Accessible Routes
    ADAAG 206.1 General.
    Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
    ADAAG 206.2 Where Required.
    Accessible routes shall be provided where required by 206.2.
    ADAAG 206.2.1 Site Arrival Points.
    At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
    ADAAG 206.4 Entrances.
    Entrances shall be provided in accordance with 206.4.
    Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
    ADAAG 207 Accessible Means of Egress
    ADAAG 207.1 General.
    Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
    ADAAG 402 Accessible Routes
    ADAAG 402.1 General.
    Accessible routes shall comply with 402.
    ADAAG 402.2 Components.
    Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
    ADAAG 403 Walking Surfaces
    ADAAG 403.4 Changes in Level.
    Changes in level shall comply with 303.
    ADAAG 303.4 Ramps.
    Changes in level greater than ½ inch high shall be ramped, and shall comply with

405 or 406.

6. Required minimum maneuvering clearance not provided at exterior and interior side of entrance door.

7. Non-compliant change in floor level within required maneuvering clearance at exterior side of entrance door.

> ADAAG 206 Accessible Routes
> ADAAG 206.1 General.
> Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
> ADAAG 206.2 Where Required.
> Accessible routes shall be provided where required by 206.2.
> ADAAG 206.2.1 Site Arrival Points.
> At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.
> ADAAG 206.4 Entrances.
> Entrances shall be provided in accordance with 206.4.
> Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.
> ADAAG 206.4.1 Public Entrances.
> In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404.
> ADAAG 207 Accessible Means of Egress
> ADAAG 207.1 General.
> Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).
> ADAAG 404.2.4 Maneuvering Clearances.
> Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.
> ADAAG 404.2.4.4 Floor or Ground Surface.
> Floor or ground surface within required maneuvering clearances shall comply with 302. Changes in level are not permitted.

8. Inaccessible service counter.

9. Non-compliant height of service counter exceeds maximum height allowance.

> ADAAG227 Sales and Service
> ADAAG 227.1 General.

Where provided, check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines shall comply with 227 and 904.

ADAAG 904.4 Sales and Service Counters.

Sales counters and service counters shall comply with 904.4.1 or 904.4.2.

The accessible portion of the counter top shall extend the same depth as the sales or service counter top.

ADAAG 904.4.1 Parallel Approach.

A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided.

A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.

10. Inaccessible seating at bar area

ADAAG 226 Dining Surfaces and Work Surfaces

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General. Dining surfaces and work surfaces shall comply with 902.2 and 902.3. Advisory 902.1 General. Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

11. Inaccessible dining tables located at interior dining area.Required minimum knee and toe clearance not provided at dining tables located at interior dining area. A minimum percentage of existing dining tables required to be accessible not provided at interior dining area.

ADAAG 226 Dining Surfaces and Work Surfaces

ADAAG 226.1 General.

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

ADAAG 902 Dining Surfaces and Work Surfaces

ADAAG 902.1 General.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

ADAAG 902.2 Clear Floor or Ground Space.

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

ADAAG 306.2 Toe Clearance.

ADAAG 306.2.3 Minimum Required Depth.

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

ADAAG 306.2.5 Width.

Toe clearance shall be 30 inches (760 mm) wide minimum.

ADAAG 306.3 Knee Clearance.
ADAAG 306.3.3 Minimum Required Depth.
Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

12. INACCESSIBLE RESTROOM.
    REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT RESTROOM DOOR.

Required minimum clear width not provided at restroom door.

ADAAG 206 Accessible Routes
ADAAG 206.1 General.
Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.
ADAAG 402 Accessible Routes
ADAAG 402.1 General.
Accessible routes shall comply with 402.
ADAAG 402.2 Components.
Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.
ADAAG 404.2.3 Clear Width.
Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

13. Inaccessible door lock at restroom door.

Non-compliant height of door lock at restroom door exceeds maximum height allowance.

ADAAG 404 Doors, Doorways, and Gates
ADAAG 404.1 General.
Doors, doorways, and gates that are part of an accessible route shall comply with 404.
ADAAG 404.2.7 Door and Gate Hardware.
Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4. Operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground.

Non-compliant door lock at restroom door requires pinching of the fingers.

ADAAG 404 Doors, Doorways, and Gates
ADAAG 404.1 General.
Doors, doorways, and gates that are part of an accessible route shall comply with 404.
ADAAG 404.2.7 Door and Gate Hardware.
Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4.
ADAAG 309.4 Operation.
Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

14. Required minimum turning space not provided in restroom.

ADAAG 603 Toilet and Bathing Rooms
ADAAG 603.1 General.
Toilet and bathing rooms shall comply with 603.
ADAAG 603.2 Clearances. Clearances shall comply with 603.2.
ADAAG 603.2.1 Turning Space.
Turning space complying with 304 shall be provided within the room.
ADAAG 304.3.1 Circular Space.
The turning space shall be a space of 60 inches (1525 mm) diameter minimum. The space shall be permitted to include knee and toe clearance complying with 306.

15. Inaccessible lavatory in restroom. Required minimum clear floor space not provided at lavatory in restroom.

ADAAG 606 Lavatories and Sinks.
ADAAG 606.2 Clear Floor Space.
A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
ADAAG 305.3 Size.
The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

16. Required minimum knee and toe clearance not provided at lavatory in restroom.

ADAAG 606 Lavatories and Sinks.
ADAAG 606.2 Clear Floor Space.
A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided.
ADAAG 306.2 Toe Clearance.

ADAAG 306.2.3 Minimum Required Depth.
Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
ADAAG 306.2.5 Width.
Toe clearance shall be 30 inches (760 mm) wide minimum.
ADAAG 306.3 Knee Clearance.
ADAAG 306.3.3 Minimum Required Depth.
Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

17. Non-compliant faucet knobs at lavatory in restroom require twisting of the wrist.

ADAAG 606 Lavatories and Sinks.
ADAAG 606.4 Faucets.
Controls for faucets shall comply with 309.
Hand-operated metering faucets shall remain open for 10 seconds minimum.
ADAAG 309 Operable Parts
ADAAG 309.4 Operation.
Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds (22.2 N) maximum.

18. Inaccessible coat hooks and light switches in restroom.

Non-compliant mounted heights in restroom exceeds maximum height allowance.

ADAAG 603.
Hooks and light switches  not located above lavatories or countertops shall be installed with the apparatus 35 inches (890 mm) maximum above the finish floor or ground.

20. Inaccessible water closet in restroom.

Required minimum clearance not provided at water closet in restroom.

ADAAG 604 Water Closets and Toilet Compartments
ADAAG 604.3 Clearance.
Clearances around water closets and in toilet compartments shall comply with 604.3.
ADAAG 604.3.1 Size.
Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum

measured perpendicular from the rear wall.

21. Non-compliant distance of water closet from side wall in restroom.

ADAAG 604 Water Closets and Toilet Compartments.
ADAAG 604.2 Location.
The water closet shall be positioned with a wall or partition to the rear and to one side.
The centerline of the water closet shall be 16 inches minimum to 18 inches maximum from the side wall or partition.

22. Water pipe not insulated under sink as required.

**22.**    Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

**23.**    In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

**24.**    Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical

disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

25.     The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

26.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## **RELIEF SOUGHT**

27.     Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

28.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

29.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the

ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By:   /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com